DECISION
Plaintiff appeals the real market value and assessed value assigned to her home for tax year 2007-08. Trial was held on October 28, 2008. Flaviya Zakharuk appeared on her own behalf. Geoff Bennett, county appraiser, represented Defendant. The record closed November 5, 2008.
 I. STATEMENT OF FACTS
The subject property, identified as Account 05011372, consists of a single-family residence and land, located at 13259 SE Parkside Drive in Portland, Oregon. The structure was partially complete on January 1, 2007; it was finished during 2007. The home has four bedrooms, 3.5 baths, a sauna room, and measures 4,590 square feet.
For the 2007-08 tax year, Plaintiff appealed to the Clackamas County Board of Property Tax Appeals (BOPTA). BOPTA sustained both the property's real market value (RMV) and maximum assessed value (MAV). At trial, Defendant asked the court to uphold BOPTA's RMV at $697,131. Plaintiff seeks a reduction to $451,000 RMV.
The parties agree the property was incomplete on January 1, 2007, assessment date. They further concur that the structure was 74 percent complete as of that date. They agree that, for analysis, the starting point is the RMV as if the structures were 100 percent completed, with *Page 2 
the application then of a .74 multiplier. For the analysis, Defendant concludes a completed RMV of $845,000; Plaintiff argues for $609,000. The following discussion of market evidence will focus on the structure as if fully completed.
Plaintiff testified that a property, in her subdivision, listed (in 2007) for sale with an offering price of $619,000. That home has 3,567 square feet with four bedrooms and 2.5 baths. No adjustment was suggested for major differences, which included a smaller number of square feet.
Plaintiff presented evidence of an appraisal obtained for financing purposes. The appraiser who authored the report did not participate at trial. He concluded an RMV for Plaintiff's property of $620,000 as of March 4, 2008. Six sales were examined, which occurred 9 to 15 months after the assessment date for the subject property. Several large-scale adjustments were made; no real explanation was contained in the narrative. (Ptf's Ex A.)
Plaintiff served as her own general contractor and produced a summary of cost details related to constructing the residential structure. The total cost was $415,000, but did not include all indirect costs such as overhead and profit. At trial, the parties disagreed as to the appropriate addition for indirect costs. Defendant suggested it was as much as 25 percent to 30 precent of the base cost; Plaintiff contended it would be minimal at 10 percent to 20 percent.
Defendant's trial exhibits focused on direct evidence from the market. Four property sales were presented which occurred within four months of the assessment date. They ranged in price from $710,000 to $925,000. All were adjusted for differences and comparability by the county appraiser. After adjustments the range was $803,785 to $876,994. That brackets the subject property's $845,000 RMV according to Defendant's analysis. (Def's Ex A.) *Page 3 
 II. ANALYSIS
The issue here is the real market value of the subject property as of January 1, 2007. ORS 308.205(1)[1] defines real market value as:
 "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's length transaction occurring as of the assessment date for the tax year."
The court looks for "arm's length sale transactions of property similar in size, quality, age and location" to the subject property in order to reach a correct RMV. Richardson v. Clackamas County Assessor, TC-MD No 020869D, WL 21263620 (Mar 26, 2003).
The parties' major differences lie in the level of detail in analyzing the comparable sales information. In evaluating the competing evidence, the court looks to the comparability of the different sales and the application of all necessary adjustments for differences. Adjustments are a key component in evaluating properties. According to The Appraisalof Real Estate:
 "Ideally, if all comparable properties are identical to the subject property, no adjustments will be required. However, this is rarely the case * * *. After researching and verifying transactional data and selecting the appropriate unit of comparison, the appraiser adjusts for any differences."
Appraisal Institute, The Appraisal of Real Estate 307 (13th ed 2008.)
Raw, unrefined price information is not enough. Similarly, the process of averaging numbers tends to discount the most comparable and accent the dissimilar. Defendant made all necessary adjustments to its sales, both improved and unimproved.
Informed buyers consider a number of factors relevant in an arm's-length transaction including size, location, year of construction, and condition of the premises. Valuing a property based on sales of comparable properties is "well accepted." Ward v. Dept. ofRevenue., *Page 4 293 Or 506, 511, 650 P2d 923, 926 (1982) (citations omitted). However, "[b]ecause sales are seldom comparable in every detail, adjustments must be considered which reflect differences." Id.
Here, adequate market-supported adjustments have not been offered by Plaintiff. While that does not make Plaintiff's raw sales data unreliable, it does render this valuation product incomplete. The more refined analysis in that contained in Defendant's work product.
Plaintiff has the burden of proof and must establish her case by a "preponderance" of the evidence. See ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. of Revenue, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof." Reed v. Dept. of Rev., 310 Or 260, 265,798 P2d 235 (1990). Plaintiff has not met that statutory requirement in this record.
 III. CONCLUSION
Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is denied.
Dated this ___ day of December 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on December12, 2008. The court filed and entered this document on December 12,2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005. *Page 1